IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
02 AUG 16 AM 10: 32
TEXAS-EASTERN
BY_____

| | |
|---|---|
| PEARLIE JO RAULSTON, Individually §<br>And as Executrix of the §<br>ESTATE OF HAROLD DEAN RAULSTON, §<br>LARRY WADE RAULSTON, WILLIAM §<br>J. RAULSTON, and MILDRED OLIE §<br>RAULSTON §<br> §<br>vs. §<br> §<br>JONES BROTHERS CONSTRUCTION §<br>and UNION PACIFIC RAILROAD §<br>COMPANY §| C.A. NO. 2-02-CV-100<br><br>JURY |

DEFENDANT AND THIRD PARTY PLAINTIFF UNION
PACIFIC RAILROAD COMPANY'S THIRD PARTY
COMPLAINT AGAINST DEAVER'S CONSTRUCTION, L.P.

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant and Third-Party Plaintiff Union Pacific Railroad Company ("Union Pacific")

files this its Third Party Complaint against Deaver's Construction, L.P. ("Deaver's Construction")

in the above captioned cause, and, in support thereof, respectfully show the Court the following:

*Parties to Third Party Complaint*

1.     Union Pacific is a Delaware corporation registered to do business in the State of

Texas.  Union Pacific has entered an appearance in this case as a Defendant to the claims of

Plaintiffs Pearlie Jo Raulston, Larry Wade Raulston, William J. Raulston and Mildred Olie

Raulston (collectively, "Plaintiffs").

2.     Deaver's Construction is a limited partnership organized and existing under the

laws of the State of Texas, which may be served with service of process through its Registered

Agent, Frank Jones,  at his usual business address located at 1601 Rio Grande, Suite 343, Austin,

Texas 78701.

**DEFENDANT AND THIRD PARTY PLAINTIFF UNION PACIFIC RAILROAD COMPANY'S**
**THIRD PARTY COMPLAINT AGAINST DEAVER'S CONSTRUCTION, L.P.– Page 1**

*Jurisdiction*

3.      This Court has jurisdiction to hear this Third Party Complaint pursuant to 28 U.S.C. § 1367(a) because it is so related to the claims made in the Complaint and forms part of the same case or controversy.

*Factual Background*

4.      Plaintiffs initiated this lawsuit against Union Pacific and Jones Bros. Inc. d/b/a Glade West, Inc. (referred to in the Complaint as Jones Brothers Construction Company) ("Jones Brothers") after an employee of Deaver's Construction, Harold Dean Raulston, was killed in a collision with a Union Pacific train at a railroad crossing on a highway construction site in Bowie County, Texas. Jones Brothers was the general contractor for this highway construction project.

5.      In August, 2000, Union Pacific and Jones Brothers entered into a Contractor's Road Crossing Agreement (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference, whereby Union Pacific granted Jones Brothers and all of its subcontractors a license to utilize a temporary railroad crossing that had been built over a Union Pacific track.  However, under the terms of the Agreement, no vehicles were permitted to stop on the track and no one was to use the crossing unless a flagman was present.  Upon information and belief, Deaver's Construction, as a subcontractor of Jones Brothers, expressly agreed to be subject to and bound by the terms and conditions of the Agreement.

6.      In addition to the terms and conditions referenced above, the Agreement also contained an indemnity provision in Section 6 of Exhibit "B" to the Agreement.  Under the terms of the indemnity provision, the licensees, including Deaver's Construction, expressly agreed that they would:

"indemnify and hold harmless [Union Pacific] and other railroad companies which use the property of [Union Pacific], their officers, agents, and employees, against and from any and all loss, damages, claims, demands, actions, causes of action, costs, attorneys' fees, fines, penalties and expenses of whatsoever nature (hereinafter "Loss") which may result from (1) injury to or death of persons whomsoever, (including officers, agents and employees of [Union Pacific], of [Jones Brothers] and any contractor, as well as all other persons...regardless of whether such Loss is caused solely or contributed to in part by the negligence of [Union Pacific], its officers, agents or employees."

7.     On or about November 7, 2000, Deaver's Construction violated the Agreement when its employee, Harold Dean Raulston, attempted to cross the crossing in his road grader without the presence of a flagman and stopped his road grader on the tracks before completely crossing them. Deaver's Construction's negligence in violating the Agreement was the proximate cause of the accident made the basis of this lawsuit, the resulting injuries to Harold Dean Raulston and the damage to Union Pacific's train.

### Count One – Indemnity

8.     Union Pacific reasserts and realleges the allegations contained in paragraphs 4 through 7 above.

9.     Pursuant to the express terms of the Agreement, Union Pacific is entitled to a judgment against Deaver's Construction for any and all sums for which Union Pacific may be adjudged liable to Plaintiffs, and for all reasonable and necessary costs, including attorneys' fees, associated with its defense in this case.

### Count Two – Breach of Contract

10.     Union Pacific reasserts and realleges the allegations contained in paragraphs 4 through 9 above.

11.     In the Agreement, Deaver's Construction expressly agreed not to use the crossing unless a flagman was present and not to stop any vehicle on the railroad track. Deaver's Construction breached the Agreement by using the crossing without the presence of a flagman

and by stopping a road grader on the railroad track. As a result of this breach, Union Pacific suffered damages in excess of the minimum jurisdictional limits of this Court.

### Count Three – Breach of Express Warranty

12.     Union Pacific reasserts and realleges the allegations contained in paragraphs 4 through 11 above.

13.     Deaver's Construction expressly warranted that it would not use the crossing unless a flagman was present and not stop any vehicle on the railroad track. Deaver's Construction breached this warranty by using the crossing without the presence of a flagman and by stopping a road grader on the railroad track. As a result of this breach, Union Pacific suffered damages in excess of the minimum jurisdictional limits of this Court.

### Count Four – Negligence

14.     Union Pacific reasserts and realleges the allegations contained in paragraphs 4 through 13 above.

15.     Deaver's Construction negligently failed to insure that its employees were following the prohibitions contained in the Agreement and/or negligently failed to properly instruct its employees about such prohibitions. As a result of this failure, Harold Dean Raulston violated the prohibitions contained in the Agreement by attempting to cross the crossing when a flagman was not on duty and by stopping his road grader on the railroad track. Deaver's Construction's negligence was the proximate cause of the accident, the resulting injuries to Harold Dean Raulston and the resulting damages to Union Pacific, including damage to the train, loss of use of the train, and upon information and belief, loss of use of the track where the accident occurred.

DEFENDANT AND THIRD PARTY PLAINTIFF UNION PACIFIC RAILROAD COMPANY'S
THIRD PARTY COMPLAINT AGAINST DEAVER'S CONSTRUCTION, L.P.– Page 4

### Count Five – Contribution

16.     Union Pacific reasserts and realleges the allegations contained in paragraphs 4 through 15 above.

17.     In the event Union Pacific is found liable to Plaintiffs, which liability is expressly denied, Union Pacific is entitled to contribution from Deaver's Construction because any damages suffered by Plaintiffs were caused in whole or in part by Deaver's Construction.

### Count Six – Attorneys' Fees

18.     Union Pacific reasserts and realleges the allegations contained in paragraphs 4 through 17 above.

19.     Pursuant to Chapter 38.001 *et seq.* of the Texas Civil Practice & Remedies Code, Union Pacific is entitled to recovery its reasonable attorneys' fees and costs incurred in bringing this Third Party Complaint against Deaver's Construction.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Union Pacific Railroad Company respectfully requests that this Court enter judgment in favor of Union Pacific and against Deaver's Construction, L.P. for any and all amount to which Union Pacific may be found liable to Plaintiffs, award Union Pacific damages in excess of the jurisdictional limits of this Court, award Union Pacific the reasonable and necessary attorneys' fees and costs incurred herein, and award Union Pacific such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

WINSTEAD SECHREST & MINICK P.C.


By: _Michael C. Wright_____

    Mark Alan Calhoun
    State Bar No. 03641500
    Michael C. Wright
    State Bar No. 22049807
    Scott S. Crocker
    State Bar No. 00790532

5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 745-5400
(214) 745-5390 FAX

**ATTORNEYS FOR DEFENDANT AND THIRD PARTY
PLAINTIFF UNION PACIFIC RAILROAD COMPANY**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 15th day of August, 2002, a true and correct copy of the foregoing Defendant and Third Party Plaintiff Union Pacific Railroad Company's Third Party Complaint Against Deaver's Construction, L.P. was forwarded, via certified delivery, return receipt requested, to the following:

Ralph K. Burgess – *CM/RRR No. 7160 3901 9844 9019 5549*
Norton Burgess, L.L.P.
315 Main Street
P.O. Box 1808
Texarkana, Texas  75504

John T. Peak – *CM/RRR No. 7160 3901 9844 9019 5556*
Hubbbell, Sawyer, Peak, O'Neal & Napier
106 West 14th Street, 12th Floor
Kansas City, Missouri  64105

Michael C. Wright

DALLAS_1\3693170\1
23471-32 08/15/2002

**DEFENDANT AND THIRD PARTY PLAINTIFF UNION PACIFIC RAILROAD COMPANY'S**
**THIRD PARTY COMPLAINT AGAINST DEAVER'S CONSTRUCTION, L.P.– Page 7**

CRX 940408
Standard Form Approved, AVP-Law

**FILE COPY**

Folder No. 01902-04

Agreement Audit No. _21688 1_

## CONTRACTOR'S ROAD CROSSING AGREEMENT

THIS AGREEMENT is made this _10th_ day of _August_, 20_00_, by and between **UNION PACIFIC RAILROAD COMPANY**, a Delaware corporation, whose address is 1800 Farnam Street, Omaha, Nebraska 68102 (hereinafter "Licensor"), and **GLADE WEST INC**, whose address is 4707 South Lake Drive, Texarkana, Texas 75501 (hereinafter "Licensee").

**RECITALS:**

The Licensee desires the construction, maintenance and temporary use of a private contractor's road crossing (hereinafter "Road Crossing"), consisting of gravel or asphalt roadway approaches, a 30-foot-wide planked or asphalt crossing surface and all appurtenances thereto, including but not limited to any gates or chains, stop signs, guardrails, barriers and drainage facilities across the Licensor's right-of-way and trackage at Mile Post  2.710, on the Little Rock Branch/Subdivision, at or near Texarkana, Bowie County, Texas, in the location shown on the attached print, marked Exhibit "A".

The Licensor is willing to grant the Licensee the right to cross its right-of-way on the terms set forth below.

NOW, THEREFORE, the parties agree as follows:

**ARTICLE 1.     LICENSOR GRANTS RIGHT**

The Licensor grants the Licensee the right to cross its right-of-way and tracks at the location shown on Exhibit "A" subject to the terms set forth herein and in the attached Exhibit B.  In consideration of the license and permission granted herein, the Licensee agrees to observe and abide by the terms and conditions of this Agreement and to pay to the Licensor a one-time license fee of **EIGHTEEN THOUSAND DOLLARS ($18,000.00)** and an administrative fee of **ONE THOUSAND DOLLARS ($1,000.00)** upon the execution of this Agreement.

**ARTICLE 2.     CONSTRUCTION OF ROAD CROSSING**

a.   The Licensor will furnish the materials for and install the portion of the Road Crossing lying between the rails of the tracks and for one (1) foot on the outside of each rail and the Licensor will raise or cause to be raised, any interfering wire line of Licensor at a cost to the Licensee of **TWENTY-EIGHT THOUSAND SEVEN HUNDRED FIFTY-FOUR DOLLARS ($28,754.00)**.

b.   The Licensee, at its own expense, will perform grading and surfacing work for the remaining portion of the Road Crossing and install gates or chains at either end of the Road Crossing at the right-of-way lines.  In addition, the Licensee shall install, at its own expense, the drainage facilities, stop signs, guard rails, and barriers shown on Exhibit "A".   The construction work shall be done to the satisfaction of the Licensor.

**ARTICLE 3.     USE OF ROAD CROSSING BY CONTRACTORS**

Contractors and subcontractors of the Licensee may have the benefit of the license granted herein, while performing work for the Licensee, provided they agree to be subject to and bound by the terms and conditions of this Agreement by signing a statement in the form set forth on Exhibit C.

CODED

By:
Date:         R.L.W.              Page 1                    July 19, 2000

AUG 17 2000

EXHIBIT

_A_

CRX 940408                                                              Folder No. 01902-04
Standard Form Approved, AVP-Law

## ARTICLE 4.     LIABILITY INSURANCE

a.   The Licensee shall provide the Licensor with a certificate, **identifying Folder No. 01902-04**, issued by the insurance carrier providing the insurance coverage required pursuant to Exhibit B-1 of this Agreement in a policy which contains the following type endorsement:

> Union Pacific Railroad Company ("Licensor") is named as additional insured with respect to all liabilities arising out of Insured's (as Licensee) construction, maintenance and use of the road crossing on Licensor's property.

Licensee WARRANTS that this Agreement has been thoroughly reviewed by its insurance agent(s)/broker(s) and that said agent(s)/broker(s) has been instructed to procure insurance coverage and an endorsement as required herein.

b.   All insurance correspondence shall be directed to:  Union Pacific Railroad Company, Real Estate Department, 1800 Farnam, Omaha, Nebraska 68102, with reference to Folder No. 01902-04.

## ARTICLE 5.     INSTALLATION OF GATE; FLAGGING PROTECTION

a.   Licensee, at Licensee's sole cost and expense, shall construct a cable barricade or gate (hereinafter "gate") at both Private Crossings, which shall be kept locked except when Licensee is passing over crossing under the terms of this Agreement.  Licensor and other Private Road Crossing Licensee(s) shall be permitted to affix its lock on the gate and use Road Crossing.  The use of said gate may cease after flashing lights and gates have been installed at Road Crossing.

b.   Prior to installation of flashing lights and gates, this crossing is to be used by automobile and pick-up truck traffic.  The crossing shall not be used with any heavier vehicle or equipment unless and until a railroad flagman is provided to watch for trains.  ~~All expenses connected with the furnishing of said flagman shall be at the sole cost and expense of the Licensee, who shall promptly pay to Licensor all charges connected therewith within 30 days after presentation of a bill therefor.~~  *TO BE PAID BY TX-DOT* ✍️

c.   The rate of pay per hour for each man will be the prevailing hourly rate in effect for an eight-hour day for the class of men used during regularly assigned hours and overtime in accordance with labor agreements and schedules in effect at the time the work is performed.  The current hourly rate of pay for Assistant Track Foreman is currently approximately $15.85.  In addition to the cost of such labor, a composite charge of 129.62% for vacation, holiday, health and welfare, supplemental sickness, Railroad Retirement and unemployment compensation, supplemental pension, employee liability and property damage and administration will be included, computed on actual payroll.  One and one-half times the current hourly rate is paid for overtime, Saturdays and Sundays; two and one-half times current hourly rate is paid for holidays.

d.   Wage rates are subject to change, at any time, by law or by agreement between the Licensor and its employees, and may be retroactive as a result of negotiations or a ruling of an authorized governmental agency.  Additional charges on labor are also subject to change. If the wage rate or additional charges are changed, the Licensee shall pay on the basis of the new rates and charges.

e.   Reimbursement to the Licensor will be required covering the full eight-hour day during which any flagman is furnished, unless he can be assigned to other railroad work during a portion of such day, in which event reimbursement will not be required for the portion of the day during which the flagman is engaged in other work.  Reimbursement will also be required for any day not actually worked by said flagman following his assignment to work for which the Licensor is required to pay the flagman and which could not reasonably be avoided by the Licensor by assignment of such flagman to other work, even though the Licensee may not be working during such time.

CRX 940408                                                           Folder No. 01902-04
Standard Form Approved, AVP-Law

   f.   Arrangements for flagging must be made by contacting the Licensor's Manager of Track Maintenance, Mike Weed at (903) 238-2938, at least seventy-two (72) hours in advance of commencing work.   Such arrangements for flagging must be verbally confirmed with the Manager of Track Maintenance before using the Road Crossing.

**ARTICLE 6.     TERM**

   This Agreement shall be effective as of the date first herein written, and, unless sooner terminated as provided in Exhibit B, shall continue in full force and effect until ~~XXX.~~ *August 10, 2013.*

   IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first herein above written.

                         **UNION PACIFIC RAILROAD COMPANY**

                         By: _____
                               Director – Contracts


WITNESS:                               **GLADE WEST INC**

x _____              By: _____
                                       Title: _____
                                              Vice president



EXHIBIT A

UNION PACIFIC RAILROAD
East Texas Service Unit       Little Rock Sub.
Private Crossing
For Glade West, Inc.
At Texarkana, Texas
M.P. 2.71          Scale: 1"=400'

EXHIBIT A

CRX 940408 A
Form Approved, AVP-Law

**EXHIBIT B**

**SECTION 1.**   <u>LIMITATION AND SUBORDINATION OF RIGHTS GRANTED.</u>

(a)  The rights granted to the Licensee are subject and subordinate to the prior and continuing right and obligation of the Licensor to use and maintain its entire railroad right of way, and are also subject to the right and power of the Licensor to construct, maintain, repair, renew, use, operate, change, modify or relocate railroad tracks, signal, fiber optics, communication or other wire lines, pipelines and other facilities upon, along or across any or all parts of said right of way, any of which may be freely done at any time by the Licensor without liability to the Licensee or to any other party for compensation or damages.

(b)  The Licensee's rights are also subject to all outstanding superior rights (including those in favor of licensees, lessees of said right of way, and others) and the right of the Licensor to renew and extend the same, and are granted without covenant of title or quiet enjoyment.

(c)  It is expressly stipulated that the Road Crossing is to be a strictly private one and is not intended for public use. The Licensee, without expense to the Licensor, will take any and all necessary action to preserve the private character of the Road Crossing and prevent its use as a public road.

**SECTION 2.**   <u>MAINTENANCE.</u>

The Licensor, at its own expense, shall maintain the Road Crossing and appurtenances in a manner satisfactory to the Licensor and suitable for the use to which it may be subjected; PROVIDED, however, that the Licensor may, if it so desires, maintain, at the Licensee's expense, that part of the Road Crossing lying between the rails of the tracks and for one (1) foot on the outside of each rail. Appurtenances shall include, without limitation, gates, chains, necessary drainage facilities, and any guardrails or barriers needed to confine vehicles using the Road Crossing or to protect the Licensor's property or facilities.

**SECTION 3.**   <u>USE OF ROAD CROSSING.</u>

The Licensee's use of the Road Crossing shall be conducted without interruption to or delay of operation of the Licensor or of others lawfully using the Licensor's property.  In order that said operations may be adequately safeguarded, it is agreed that::

(a)  The Licensee shall not move tractors, bulldozers, caterpillars or other equipment not equipped with pneumatic rubber tires over the Licensor's tracks unless it has first placed rubber pads, wood mats or other protective materials (hereinafter "portable crossings") on the Licensor's tracks so as not to damage or shunt the tracks.  The Licensee's use of the portable crossings shall be limited to daylight hours only.  Licensee shall not place portable crossings on the Licensor's tracks or use the portable crossings until and unless a railroad flagman is present.  Licensee, at its own expense, shall furnish standby equipment capable of removing the portable crossings immediately upon request of the flagman.  The portable crossings shall be removed at all times when a railroad train, engine or car is approaching, and, in any event, at the end of each working day, and shall not be stored or placed closer than twenty (20) feet from the center line of the nearest track.

(b)  The Licensee, at its own expense, shall adequately police and supervise all such work and the use of the Road Crossing by Licensee, its contractors and subcontractors, so as not to endanger, interfere with, hinder or delay operations of the Licensor or of others, nor inflict injury to persons or damage to property for the safety of whom or of which the Licensor may be responsible, or to property or facilities of the Licensor or of others.

(c)  The Licensee shall not use or allow its contractors or subcontractors to use the Road Crossing unless railroad flagmen are present.  Such flagmen shall be furnished by the Licensor at the Licensee's expense.  The presence of railroad flagmen shall in no way relieve the Licensee of its responsibility for policing and supervising the use of the Road Crossing, it being understood that railroad flagmen are placed for the sole purpose of safeguarding the Licensor's operations and property.

(d)  If at any time the Licensor is of the opinion that the Road Crossing is being used without due regard and precaution for safety and security, Licensee will at the Licensor's request immediately suspend use of the Road Crossing until it adopts adequate and proper protective measures that are approved by the Licensor.

(e)  Licensee, at Licensee's own expense, will take suitable and adequate precautions to avoid collisions between vehicles using the Road Crossing or between vehicles using the Road Crossing and the Licensor's trains or equipment.  Vehicles using the Road Crossing shall not exceed ten (10) miles per

CRX 940408 A
Form Approved, AVP-Law

hour in approaching or crossing the tracks.  No vehicle shall attempt to cross said tracks when any railroad train, engine or car is approaching,  No vehicle shall stop or stand upon the Licensor's tracks.

(f)  At all times when the Road Crossing is not in use, the Licensee will barricade it by closing and locking the gates or chains.

(g)  The Licensee, at its own expense, will keep the tracks, flangeways and drainage facilities free ad clear from gravel, rock, earth and debris.

SECTION 4.    PROTECTION OF FIBER OPTIC CABLE SYSTEMS.

(a)  Fiber optic cable systems may be buried on the Licensor's property.  Protection of the fiber optic cable systems is of extreme importance since any break could disrupt service to users resulting in business interruption and loss of revenue and profits.  Licensee shall telephone the Licensor at 1-800-336-9193 (a 24-hour number) to determine if fiber optic cable is buried anywhere on the Licensor's premises to be used by the Licensee.  If it is, Licensee will telephone the telecommunications company(ies) involved, arrange for a cable locator, and make arrangements for relocation or other protection of the fiber optic cable prior to beginning any work on the Licensor's premises.

(b)  In addition to other indemnity provisions in this Agreement, the Licensee shall indemnify and hold the Licensor harmless from and against all costs, liability and expense whatsoever (including, without limitation, consequential damages, attorneys' fees, court costs and expenses) arising out of any act or omission of the Licensee, its contractor, agents and/or employees, that causes or contributes to (1) any damage to or destruction of any telecommunications system on Licensor's property, and (2) any injury to or death of any person employed by or on behalf of any telecommunications company, and/or its contractor, agents and/or employees, on Licensor's property.

SECTION 5.    RELOCATION OF ROAD CROSSING.

If in the exercise of its rights under Section 1, the Licensor requires the relocation or modification of the Road Crossing, the Licensor shall, at the Licensee's expense, modify or move the portion of the Road Crossing lying between the rails of the tracks and for one (1) foot on the outside of each rail; and the Licensee shall, at its own expense, modify or move the remaining portion and the appurtenances thereto.

SECTION 6.    INDEMNITY.

The Licensee assumes the risk of and shall indemnify and hold harmless the Licensor and other railroad companies which use the property of the Licensor, their officers, agents and employees, against and from any and all loss, damages, claims, demands, actions, causes of action, costs, attorneys' fees, fines, penalties and expenses of whatsoever nature (hereinafter "Loss") which may result from (1) injury to or death of persons whomsoever, (including officers, agents and employees of the Licensor, of the Licensee and any contractor, as well as other persons); (2) loss of or damage to property whatsoever (including damage to property of or in the custody of the Licensee or its contractor and damage to the roadbed, tracks, equipment or other property of or in the custody of the Licensor and such other railroad companies, as well as other property); or (3) the Licensee's failure to comply with any federal, state or local law, regulation, or enactment; when such Loss is due to or arises in connection with or as a result of:

(a)  the construction of the Road Crossing;

(b)  any work done by the Licensee on or in connection with the Road Crossing;

(c)  the use of said Road Crossing by the Licensee, its officers, agents, employees, patrons or invitees, or by any other person; or

(d)  the breach of any covenant or obligation assumed by or imposed on the Licensee pursuant to this Agreement, or the failure of the Licensee to promptly and fully do any act or work for which the Licensee is responsible pursuant to this Agreement;

regardless of whether such Loss is caused solely or contributed to in part by the negligence of the Licensor, its officers, agents or employees.

SECTION 7.    TERMINATION ON BREACH OR ON NOTICE.

(a)  It is agreed that the breach of any covenant, stipulation or condition herein contained to be kept and performed by the Licensee shall, at the option of the Licensor, forthwith work a termination of this Agreement and all rights of the Licensee hereunder.  A waiver by the Licensor of a breach by the

CRX 940408 A
Form Approved, AVP-Law

Licensee of any covenant or condition of this Agreement shall not impair the right of the Licensor to avail itself of any remedy for any subsequent breach thereof.

(b)  This Agreement may be terminated by either party on thirty (30) days' written notice to the other party.

SECTION 8.      REMOVAL OF ROAD CROSSING.

Prior to expiration or upon termination of this Agreement, the Licensee shall, unless notified otherwise by the Licensor, remove at the Licensee's own expense, the Road Crossing and all appurtenances thereto and restore the Licensor's right of way to a condition satisfactory to the Licensor.  If Licensee fails to do so within ten (10) days after such termination, the Licensor may perform said work at the expense of Licensee, and Licensee will reimburse the Licensor for such expense, on demand.

SECTION 9.      SUCCESSORS AND ASSIGNS.

This Agreement shall be binding upon and inure to the benefit of the parties hereto, their successors and assigns, but Licensee shall not assign this Agreement or any interest herein without the written consent of the Licensor first had and obtained.  If the Licensee fails to secure the Licensor's consent to any assignment, the Licensee will continue to be responsible for obligations and liabilities assumed herein.

PRX 880805
PRE 880806
PRX&E 880807
CRX 940408

FORM C

EXHIBIT B-1

Large Commercial, Industrial, Contractors
Private Grade Crossing and/or Encroachment
Contractor's Road Crossing Insurance Requirements

Licensee and/or its Contractor/Subcontractor shall, at its own and/or its Contractor's/Subcontractor's sole cost and expense, procure the following kinds of insurance and promptly pay when due all premiums for that insurance. If it so elects, Licensor shall have the right to obtain such insurance and Licensee shall promptly reimburse Licensor for that expense. The following insurance shall be kept in force during the life of this Agreement:

General Public Liability insurance providing bodily injury, including death, personal injury and property damage coverage with a combined single limit of at least $2,000,000 each occurrence or claim and a general aggregate limit of at least $4,000,000. This insurance shall provide Broad Form Contractual Liability covering the indemnity provisions contained in this Agreement, Broad Form Property Damage, a waiver of governmental immunity (ISO Form GL 24 14 or equivalent), coverage for construction or demolition work on or near the railroad tracks, severability of interests and name Licensor as an additional insured with respect to all liabilities arising out of Licensee's obligation to Licensor in the Agreement. If coverage is purchased on a 'claims-made' basis it shall provide for at least a three (3) year extended reporting or discovery period, which shall be invoked should insurance covering the time period of this Agreement be cancelled.

Automobile Public Liability insurance providing bodily injury and property damage with a combined single limit of at least $2,000,000 each occurrence or claim. This insurance shall provide contractual liability by endorsement ISO Form CA 00 25 or equivalent covering all motor vehicles including hired and non-owned, mobile equipment to the extent it may be excluded from general liability insurance, severability of interests and name Licensor as an additional insured with respect to all liabilities arising out of Licensee's obligation to Licensor in the Agreement.

Worker's Compensation insurance covering the statutory liability as determined by the compensation laws of the state(s) affected by this Agreement and Employer's Liability. Also compliance with all laws of states which require participation in their state workers' compensation fund.

The Licensee and/or its Contractor/Subcontractor hereby waives its right of subrogation, as respects the above insurance policy(ies), against Licensor for payments made to or on behalf of employees of Licensee or its agents and for loss of its owned or leased property or property under its care, custody and control while on or near Licensor's right-of-way or other real property. Licensee's and/or its Contractor's/Subcontractor's insurance shall be primary with respect to any insurance carried by Licensor.

Licensee and/or its Contractor/Subcontractor shall furnish to Licensor certificate(s) of insurance evidencing the required coverage and endorsement(s) and upon request a certified duplicate original of any of those policies. The insurance company(ies) issuing such policy(ies) shall notify Licensor in writing at least thirty (30) days prior to making any material alteration, including any change in the retroactive date in any 'claims-made' policies or substantial reduction of aggregate limits (if such limits apply), or cancellation of any policy(ies).

The insurance policy(ies) shall be written by a reputable insurance company or companies acceptable to Licensor or with a current Best's Insurance Guide Rating of B and Class VII or better. Such insurance company shall be authorized to transact business in the state(s) affected by this Agreement.

CRX 940408
Form Approved, AVP-Law

### EXHIBIT C

The undersigned contractor, in consideration of its use of the Road Crossing described in Agreement dated August 1, 2000, between Union Pacific Railroad Company, as Licensor, and Glade West Inc, as Licensee, agrees to use said Road Crossing subject to the terms and provisions of that Agreement, and to assume the obligations and liabilities of the Licensee thereunder.

Dated this ____7____ day of __August_____, 20_00_.

Glade West, Inc
(Name of Contractor)

By: _____
(Title)               V.P.